IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUGO ERNESTO MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-882-L-BT |
| | § | |
| THE VOLUNTEERS OF AMERICA, *et al.*, | § § § | |
| | § | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19), filed by Defendants the Volunteers of America, Angela King, Mary Quimby, Erica Smith, Duante Garcia, Jenean Bray, and Greg Basham. For the following reasons, the District Court should GRANT Defendants' Motion.

**Background**

By his Amended Complaint (ECF No. 17), which is the live pleading in this action, Plaintiff Hugo Ernesto Molina asserts claims against Defendants for violations of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 *et seq.*[1] Plaintiff alleges he was released from the U.S.

---

[1] In his response to Defendant's Motion to Dismiss (ECF No. 21), Plaintiff unequivocally states that he is not seeking relief under 42 U.S.C. § 1983. *See* Pl.'s Mot. to Respectfully Request to Proceed with a Jury Trial, ¶ V ("In no way did the Plaintiff ever make a claim

1

Department of Justice, Federal Bureau of Prisons ("BOP") on November 16, 2015. Prior to his full re-entry into the community, BOP assigned Plaintiff to a Residential Reentry Center—or halfway house—operated by the Volunteers of America Texas, Inc. ("VOA"), in Hutchins, Texas. Plaintiff arrived at the VOA facility on November 17, 2015. Plaintiff alleges he was supposed to be released to home detention—also known as home confinement—on December 23, 2015, but Defendants denied his release to home detention on that date because Plaintiff has a disability, namely Parkinson's disease. Defendants eventually released Plaintiff to home detention on March 2, 2016.

Plaintiff alleges Defendants continuously discriminated against him from December of 2015 to April of 2016 because of his disability. He contends the courts were aware of his disability and that he had been housed in a BOP medical facility before he was released to the VOA facility. Plaintiff avers the denial of his early release to home detention was discriminatory because his roommates, who apparently do not have Parkinson's, were released to home detention, even though they did not satisfy other criteria for release because one was not employed and the other had disciplinary issues. *Id.* Plaintiff further alleges that the VOA facilities were not ADA compliant and the VOA failed to keep proper medical equipment such as wheelchairs or walkers at the facility.

---

to filing any violations under Section 1983. Nowhere to be found on the Amended Complaint does the Plaintiff ever mention Section 1983.") Therefore, the Court pretermits consideration of Defendants' arguments that Plaintiff's Amended Complaint fails to state a claim for relief under Section 1983.

Plaintiff filed this lawsuit in federal court on March 29, 2017, seeking $7.2 million dollars in damages under the ADA. Defendants responded by filing a Motion to Dismiss. Plaintiff then filed a Motion for Default Judgment, a Motion for a Hearing on Default Judgment, and a submission the Court construed as a Motion to Amend his Complaint. The Court granted Plaintiff's Motion to Amend and deemed the Amended Complaint filed on January 10, 2018. The Court denied Plaintiff's other motions. Defendants then filed the pending motion to dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6). Plaintiff filed a response. The issues are now fully briefed, and the Motion is ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Amended Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of

factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## Analysis

Plaintiff alleges that Defendants discriminated against him because of his disability by denying him early release to home detention. He also alleges that the VOA facilities were not compliant and the VOA failed to keep proper medical equipment such as wheelchairs or walkers at their facility. Defendants move to dismiss on the ground that Plaintiff failed to state a claim under Title III of the ADA. Defs.' Mot. 9 ¶ 23.

Title III of the ADA makes it unlawful for private entities, such as the VOA, to discriminate against individuals with disabilities in the provision of "goods, services, facilities, privileges, advantages, or accommodations." *See Bloom v. Bexar Cnty., Texas*, 130 F.3d 722, 726 (5th Cir. 1997) (citing 42 U.S.C. § 12182(a)). To state a claim under Title III of the ADA, a plaintiff must allege that

4

(1) he is a disabled individual; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) defendants discriminated against plaintiff within the meaning of the ADA on the basis of his disability. *See* 42 U.S.C. § 12182(a). As a threshold matter for an ADA claim, Plaintiff must show that he suffers from a disability. *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 46 (5th Cir. 2018) (citing *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016)). "Under the ADA, an actionable disability means, in relevant part, a physical or mental impairment that substantially limits one or more of the major life activities of an individual." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444–45 (5th Cir. 2017) (quoting *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 163 (5th Cir. 1996)). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, [and] walking." *Williams*, 717 F. App'x at 46 (5th Cir. 2018) (quoting § 12102(2)(A)). A major life activity is "substantially limited" when a person is unable to perform the activity or is significantly restricted in the manner, condition, or duration in which he can perform it in comparison to the general population. *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 n.5 (5th Cir. 1998).

      In this case, Plaintiff alleges that he suffers from Parkinson's disease. But, "[m]erely having an impairment . . . does not make one disabled for purposes of the ADA." *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009). Plaintiff fails to allege that his condition impedes his ability to perform

any major life activities. For example, Plaintiff does not allege that he suffers from tremors, is off balance, or has trouble walking or speaking. Plaintiff criticizes the VOA for not being an ADA-compliant facility, but he does not allege that he needs any particular accommodation, such as shower or bed rails or a walker or wheelchair, to perform major life activities. In fact, he wholly fails to set forth any facts that show his Parkinson's disease substantially limits his ability to care for himself, perform manual tasks, see, hear, eat, sleep, or walk.

Plaintiff mentions a conversation with a VOA staff member about drug tests in which he stated that he had "issues going to the restroom" due to his Parkinson's. Am. Compl. 10. But, Plaintiff does not state what those "issues" are, and this allegation is inconsistent with his other allegations that he participated in numerous drug tests at Defendants' direction without incident or problem. Plaintiff also mentions that he "spent most of his time lying in bed due to fear of his illness," but he does not allege that his illness actually prevented him from getting out of bed. *Id.* at 8. Plaintiff further contends that he was prepared to be released to home detention, without any apparent accommodation for his condition, as early as December 2015.

Plaintiff states in response to Defendant's motion that he was diagnosed with Parkinson's in 2011 and his condition is "well-documented" with doctors, family, and friends. However, this argument does nothing to address the deficiency in his pleading. The fact Plaintiff may have been diagnosed with a particular condition does not automatically establish his eligibility under the

6

ADA. *Chevron Phillips*, 570 F.3d at 614. Plaintiff's conclusory allegation that he has Parkinson's disease is insufficient to plead that he is a disabled individual for purposes of the ADA. Accordingly, the Court finds that Plaintiff has failed to state facts sufficient to support his claim under the Americans with Disabilities Act, and this claim should be dismissed against all Defendants.

## RECOMMENDATION

The Court should GRANT Defendants' Motion to Dismiss (ECF No. 19) and DISMISS without prejudice all of Plaintiff's claims and causes of action. The Court should allow Plaintiff one final opportunity to allege his "best case" and grant him 21 days from the date of any order accepting these Findings, Conclusions, and Recommendation in which to file an second amended complaint. The Court should order that if Plaintiff fails to do so, all of his claims will be dismissed with prejudice without further notice.

**SO RECOMMENDED**.

August 31, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).