IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUGO ERNESTO MOLINA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:17-cv-00882-L-BT |
| THE VOLUNTEERS OF AMERICA, *et al.*, | § § § § | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 26), filed by the Volunteers of America Texas, Inc., Angela King, Erica Smith, Jenean Bray, Greg Basham, Mary Quimby, and Duane Garcia. For the following reasons, the Court should GRANT Defendants' Motion.

**Background**

Plaintiff Hugo Ernesto Molina brings this *pro se* civil action under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, against Defendant Volunteers of America Texas, Inc. (VOA) and various individuals who worked at a Residential Reentry Center operated by VOA in Hutchins, Texas. Pl.'s 3d Am. Compl. at 1 (ECF No. 25). According to the Third Amended Complaint, which is the live pleading in this case, Molina, who suffers from Parkinson's disease, was transferred in late 2015 from federal prison to the VOA facility in

Hutchins. *See id.* at 1-3. Defendants Angela King, Erica Smith, Jenean Bray, Greg Basham, Mary Quimby, and Duane Garcia worked at that facility and interacted with Molina. Molina alleges that VOA and the individual defendants discriminated against him by denying him "passes and privileges" because he has Parkinson's. *Id.* at 1; 3, ¶ 6; 4, ¶ 9. He also argues that Defendants retaliated against him by denying him early release to home detention and requiring him to submit to drug testing after he filed grievances against them. *Id.* at 3-4, ¶¶ 6-7, 10; 6, ¶¶ 17, 19-20; 7, ¶ 25-26. Molina was eventually released from the VOA facility on March 2, 2016. *Id.* at 7, ¶ 30.

Approximately one year later, on March 29, 2017, Molina filed this *pro se* lawsuit in federal court. Molina initially attempted to bring a *Bivens* action against Defendants for violations of his civil rights and his rights under the ADA. Compl. (ECF No. 3). Defendants responded by filing a Motion to Dismiss arguing Molina failed to allege how Defendants could have been acting under color of federal law, which is an essential element of a *Bivens* claim. Molina then filed a submission the Court construed as a Motion to Amend his Complaint, which the Court granted. Mot. to Amend (ECF No. 10); Elec. Order (ECF No. 16). Molina's Amended Complaint omitted all references to a *Bivens* action and instead sought to recover solely under the ADA. Pl.'s Am. Compl. (ECF No. 17). Defendants filed another motion to dismiss under Rule 12(b)(6). Defs.' Mot. (ECF No. 19). Because Molina did not identify a particular provision of the ADA as the basis for relief in his Amended Complaint, Defendants assumed Molina was proceeding under Title III

and argued that Molina failed to sufficiently allege that he is disabled for purposes of the ADA or that Defendants acted in a manner that would violate Molina's rights under the ADA. The magistrate judge recommended granting Defendants' motion on the ground that Molina had failed to sufficiently allege a claim for relief under Title III of the ADA, but allowing Molina leave to amend his complaint. FCR (ECF No. 22). Before the District Court had an opportunity to consider the recommendation, Molina filed his Second Amended Complaint, providing additional facts and asserting claims under Title II of the ADA and the Rehabilitation Act. Pl.'s 2d Am. Compl. (ECF No. 23). The Court reviewed the Second Amended Complaint and determined that it did not sufficiently address the issues raised by the Defendants' motion to dismiss or those raised in the magistrate judge's recommendation. Accordingly, the Court dismissed the Second Amended Complaint. Order (ECF No. 24). Because Molina is *pro se*, the Court granted him one final opportunity to amend his complaint to state a claim for relief. In response, Molina filed his Third Amended Complaint seeking injunctive relief and $7.2 million dollars in damages under Title II of the ADA. Defendants filed the pending motion to dismiss, and Molina filed a response. The motion is fully briefed and ripe for determination.

**Legal Standard**

When deciding a 12(b)(6) motion for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.

3

2007). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Molina's Third Amended Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

## Analysis

Defendants move to dismiss Molina's Third Amended Complaint on the ground that he has failed to state a claim under Title II of the ADA. The ADA is a "federal anti-discrimination statute designed to provide a clear and comprehensive

national mandate for the elimination of discrimination against individuals with disabilities." *Delano–Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002) (citing *Rizzo v. Children's World Learning Ctrs., Inc.*, 173 F.3d 254, 261 (5th Cir. 1999)). The Act is comprised of various titles addressing discrimination in different contexts; for example, Title I addresses employment discrimination, and Title III addresses discrimination by places of public accommodation. 42 U.S.C. §§ 12112, 12182. Title II of the ADA, the provision under which Molina attempts to bring his claims, states:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. A public entity includes "[a]ny State or local government" and "[a]ny department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(b). Here, Molina has failed to state a claim for relief because none of the named defendants is a proper defendant under Title II. Molina does not allege the VOA is a public entity, and Title II does not provide for individual liability. *Caldwell v. Dall. Cty. Sheriff*, 2006 WL 298128, at *2 (N.D. Tex. Feb. 2, 2006) (Lindsay, J.) ("Title II of the ADA provides for redress for discrimination against a 'public entity.' 42 U.S.C. § 12132. The term as defined in the statute does not include individuals. *See* 42 U.S.C. § 12131(1)."); *see also Pena v. Bexar Cty.*, 726 F. Supp. 2d 675, 689-90 (W.D. Tex. 2010) (noting that the plaintiff could not add an individual as a defendant to his

5

Title II claim, because Title II does not provide for individual liability); *Wiley v. Thompson*, 2008 WL 112110, at *7-*8 (E.D. Tex. Jan. 9, 2008) (after surveying decisions from around the country, determining Title II does not provide a cause of action against individual defendants in their personal capacity). Therefore, the Court should grant Defendants' motion to dismiss.

Molina does not address in his response to the motion to dismiss whether he has named a proper defendant under Title II. Instead, he disputes the truthfulness and credibility of Defendants' characterization of the underlying facts and the events that allegedly occurred while he was at the Hutchins facility. On consideration of Defendants' motion to dismiss, the Court assumes—as it must—that Molina's allegations are true. Even when taken as true, however, Molina's allegations fail to state a claim for relief under Title II of the ADA because Molina has not sued a defendant subject to liability under Title II.

Although Molina insists he is bringing his claims pursuant to Title II, because he is *pro se*, the Court should consider whether Molina has stated a claim for relief under Title III of the ADA, which applies to private entities such as VOA. Title III makes it unlawful for private entities to discriminate against individuals with disabilities in the provision of "goods, services, facilities, privileges, advantages, or accommodations." *See Bloom v. Bexar Cty.*, 130 F.3d 722, 726 (5th Cir. 1997) (citing 42 U.S.C. § 12182(a)). But monetary damages are not available in

private suits under Title III of the ADA.[1] *See* 42 U.S.C. § 12188 (plaintiff is limited to injunctive relief); *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 183 (5th Cir. 2015) (citing § 12188; *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)) ("Damages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief."). Therefore, the Court should dismiss Molina's claim for $7.2 million in damages.

To the extent Molina seeks injunctive relief, the ADA specifically defines such relief as:

> [I]njunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or server, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2). In addition to damages, Molina requests "a permanent injunction enjoining Defendants, its officer, agents, servants, employees, attorneys and all persons in active concert or participation with it from discriminating against any qualified client because of their disability" and "a permanent

---

[1] Title II's enforcement provision incorporates by reference § 505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. § 794a, which authorizes private citizens to bring suits for money damages. 42 U.S.C. § 12133; *Tennessee v. Lane*, 541 U.S. 509, 517 (2004); *see also United States v. Georgia*, 546 U.S. 151, 154 (2006) ("Title II authorizes suits by private citizens for money damages against public entities that violate § 12132."). But as stated above, Molina has not alleged any of the Defendants are public entities subject to liability under Title II.

injunction enjoining Defendants, its officer, agents, servants, employees, attorneys and all persons in active concert or participation with it from engaging in reprisal or retaliation against any persons because such person engaged in protected activity under the ADA." Pl.'s 3d Am. Compl. at 10, ¶¶ A & B. These requests do not qualify as injunctive relief available under Title III of the ADA. Accordingly, the Court should dismiss Molina's claims for injunctive relief against VOA. *See Bracken v. G6 Hosp. LLC*, 2016 WL 3946791, at *4 (E.D. Tex. June 3, 2016) (recommending dismissing claims under Title III where requests for relief do not qualify as injunctive relief available under the ADA), *adopted by Bracken v. G6 Hosp. Corp.*, 2016 WL 3917701 (E.D. Tex. July 20, 2016).

## Recommendation

Molina has failed to name as a defendant any person or entity subject to liability under Title II of the ADA. Molina has further failed to establish he is entitled to the relief sought in his Third Amended Complaint. Therefore, the Court should GRANT Defendants' Motion to Dismiss (ECF No. 26). Because the Court has previously granted Molina numerous opportunities to state a claim for relief, the Court should DISMISS all of Molina's claims and causes of action with prejudice.

**SO RECOMMENDED**.

August 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).